IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL WEBB STEELE,

                    Plaintiff,

vs.                                        Case No. 14-1420-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

2

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On May 10, 2013, administrative law judge (ALJ) Rhonda Greenberg issued her decision (R. at 22-35).  Plaintiff alleges that he had been disabled since December 1, 2010 (R. at 22). Plaintiff meets the insured status requirements for social security disability benefits through December 31, 2011 (R. at

22, 24).  At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 24).  At step two, the ALJ found that plaintiff had a severe combination of impairments (R. at 24-25).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 26).  After determining plaintiff's RFC (R. at 28), the ALJ found at step four that plaintiff has no past relevant work (R. at 33).  At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 33-34). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 34-35).

**III.  Did the Appeals Council err by failing to consider the opinions expressed by Dr. Livingston on August 20, 2013?**

The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant.  The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). When a treating source opinion is inconsistent with the other

5

medical evidence, the ALJ's task is to examine the other medical source's reports to see if they outweigh the treating source's reports, not the other way around.  Treating source opinions are given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations.  If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources.  Robinson, 366 F.3d at 1084.

In making his RFC findings, the ALJ gave substantial weight to the opinions of state agency consultants who did not treat or examine the plaintiff, but who reviewed the medical record (R. at 31-32).  The ALJ issued her decision on May 10, 2013.  The Appeals Council was provided with a letter from Dr. Livingston, dated August 20, 2013.  In that letter, Dr. Livingston stated that the letter was in reference to the plaintiff, whom he had been treating as a patient since December 13, 2011.  Dr. Livingston noted that plaintiff has severe chronic obstructive pulmonary disease, and noted a spirogram on February 8, 2012 indicating a very severe obstructive defect.  Dr. Livingston

noted that plaintiff's emphysema is advanced and end-stage (R.

at 15).  Dr. Livingston concluded as follows:

> I do not feel that he is able to be
> gainfully employed; specifically, he would
> be limited to doing a combination of sitting
> and standing for less than 2 hours in an 8
> hour period.  He would not be able to lift
> more than 10 pounds.  He would require
> frequent and unscheduled breaks to exceed
> three per day to aleve shortness of breath.
> His dyspnea at present is quite profound
> with minimal exertion.  Finally, it is
> likely that he would miss more than three
> days per month due to flare ups and
> exacerbations of his chronic obstructive
> pulmonary disease.

(R. at 15).

The Appeals Council reviewed the above letter, but stated

that this new information is about a later time.  Therefore, it

does not affect the decision about whether you were disabled

beginning on or before May 10, 2013 (R. at 2).  Plaintiff

contends that the Appeals Council erred because the letter from

Dr. Livingston relates to the period on or before the date of

the ALJ decision.

The basic principle, derived from the relevant regulations,

is well-established: the Appeals Council must consider

additional evidence offered on administrative review-after which

it becomes part of the court's record on judicial review-if it

is (1) new, (2) material, and (3) related to the period on or

before the date of the ALJ's decision.  Krauser v. Astrue, 638

7

F.3d 1324, 1328 (10th Cir. 2011).  Where the Appeals Council
rejects new evidence as non-qualifying, and the claimant
challenges that ruling on judicial review, it is a question of
law subject to the court's de novo review.  Id.

The letter from Dr. Livingston is new and material
regarding the issue of plaintiff's impairments and limitations.
The critical question before the court is whether it is related
to the period on or before the date of the ALJ's decision, May
10, 2013.  Although the letter from Dr. Livingston does not
indicate the time period in which the limitations applied to the
plaintiff, he states that he has been seeing the plaintiff as a
patient since December 13, 2011, or 1 ½ years before the date of
the ALJ decision.  Furthermore, in his letter, he references a
spirogram from February 8, 2012 (well before the ALJ decision of
May 10, 2013), showing a "very severe obstructive defect" (R. at
15).  Dr. Livingston then set forth his opinions regarding
plaintiff's limitations, as set forth above.

In the case of Baca v. Department of Health and Human
Services, 5 F.3d 476, 479 (10th Cir. 1993), the court held that
evidence bearing upon an applicant's condition subsequent to the
date upon which the earning requirement was last met is
pertinent evidence in that it may disclose the severity and
continuity of impairments existing before the earning
requirement date or may identify additional impairments which

could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date.  This principle equally applies to whether evidence presented to the Appeals Council is related to the period on or before the date of the ALJ's decision.  This is especially true when the treatment provider providing the opinion after the ALJ decision began providing treatment to the plaintiff 1 ½ years before the ALJ decision, and when Dr. Livingston cited to a test from February 8, 2012 (well before the ALJ decision of May 10, 2013) indicating a very severe obstructive defect immediately prior to setting forth his opinions regarding plaintiff's RFC.

The court cannot say that the failure to consider this additional opinion evidence from a treatment provider is harmless error.[1]  In fact, the new evidence from Dr. Livingston provides a clear basis for changing the ALJ's decision.  Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

For the reasons set forth above, the court finds that the opinions offered to the Appeals Council from Dr. Livingston are new, material, and related to the period on or before the date of the ALJ's decision.  The Appeals Council erred by failing to

---

[1] Courts should apply the harmless error analysis cautiously in the administrative review setting.  Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005).  However, it may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance where, based on material the ALJ did at least consider (just not properly), the court could confidently say that no reasonable factfinder, following the correct analysis, could have resolved the factual matter in any other way.  Fischer-Ross, 431 F.3d at 733-734; Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

consider this evidence.  Therefore, this case shall be remanded in order for the ALJ to consider this evidence.

**IV.  Did the ALJ err in her credibility analysis and in her consideration of 3rd party evidence?**

Plaintiff also alleges error by the ALJ in her credibility analysis and in her consideration of a 3rd party statement.  The court will not address these issues because they may be affected by the ALJ's resolution of the case on remand after considering the opinion evidence from Dr. Livingston.  See <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 5th day of January 2016, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge